IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02042-BNB

FIFI MENO INGILA,

    Plaintiff,

v.

DISH NETWORK,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Fifi Meno Ingila, has filed *pro se* a Title VII Complaint.  The court must construe the Title VII Complaint liberally because Ms. Ingila is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. Ingila will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

    The court has reviewed the Title VII Complaint and finds that the Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Ingila fails to provide a short and plain statement of her claims showing that she is entitled to relief. Ms. Ingila has checked boxes on the court's preprinted Title VII Complaint form indicating that Defendant discriminated against her because of her national origin by demoting or discharging her from her employment. Ms. Ingila also may intend to assert a claim of employment discrimination pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., because she refers to the ADA in the Title VII Complaint. However, Ms. Ingila fails to provide specific factual allegations in support of whatever employment discrimination claims she may be asserting. Ms. Ingila does attach to the Title VII Complaint copies of letters regarding harassment she allegedly suffered during her employment, but Ms. Ingila does not allege that the harassment was due to her national origin, a disability, or both.

Neither the court nor Defendant is required to guess in order to determine the specific factual allegations that support the claims Ms. Ingila is asserting. The general

rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, Ms. Ingila will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if she wishes to pursue her claims in this action.  Ms. Ingila is advised that it is her responsibility to present her claims clearly and concisely in a manageable format that allows the court and Defendant to know what claims are being asserted and to be able to respond to those claims.  In order to state a claim in federal court, Ms. Ingila "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Ms. Ingila file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Ms. Ingila shall obtain the appropriate court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Ingila fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED August 14, 2012, at Denver, Colorado.

BY THE COURT:

      *s/Craig B. Shaffer*
United States Magistrate Judge