IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02042-BNB

FIFI MENO INGILA,

Plaintiff,

v.

DISH NETWORK,

Defendant.

---

SECOND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Fifi Meno Ingila, initiated this action by filing *pro se* a Title VII Complaint. On August 14, 2012, the court entered an order directing Ms. Ingila to file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Ms. Ingila specifically was directed to file her amended Title VII Complaint on the court-approved form within thirty days. On August 21, 2012, Ms. Ingila submitted to the court for filing a set of documents totaling 139 pages that she describes as a copy of the file she received from the Equal Employment Opportunity Commission. (*See* ECF No. 8.)

Although the documents submitted to the court on August 21 appear to be relevant to the employment discrimination claims Ms. Ingila intends to assert in this action, the documents do not satisfy the court's prior order to file an amended Title VII Complaint on the court-approved form, and the documents do not provide a short and plain statement of Ms. Ingila's employment discrimination claims as required pursuant to

Rule 8 of the Federal Rules of Civil Procedure. As Ms. Ingila was advised in the court's August 14 order, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Neither the court nor Defendant is required to sift through the documents Ms. Ingila submitted to the court on August 21 and guess in order to determine what specific claims Ms. Ingila may be asserting and what specific factual allegations support those claims.

Although Ms. Ingila has failed to comply with the court's August 14 order, she will be given one more opportunity to file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 if she wishes to pursue her claims in this action. Ms. Ingila again is advised that it is her responsibility to present her claims clearly and concisely in a manageable format that allows the court and Defendant to know what claims are being asserted and what factual allegations support those claims in order to respond to those claims. In order to state a claim in federal court, Ms. Ingila "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Ms. Ingila file, **within thirty (30) days from the date of this order**, an amended Title VII Complaint on the court-approved form that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order and the court's prior order entered on August 14, 2012. It is

FURTHER ORDERED that Ms. Ingila shall obtain the appropriate court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Ingila fails within the time allowed to file an amended Title VII Complaint on the court-approved form that complies with the pleading requirements of Rule 8 as directed, the action will be dismissed without further notice.

DATED September 14, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge